1   [ATTORNEYS IDENTIFIED ON SIGNATURE
2   PAGE]

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

12   GEOTAG, INC.,                          Case No.: 13-cv-00217-EMC

13              Plaintiff,                  **[PROPOSED] STIPULATED
                                            PROTECTIVE ORDER**
14       v.
                                            Date Action Filed:  September 13, 2011
15   ZOOSK, INC.,

16              Defendant.

17   AND RELATED COUNTERCLAIMS.

18

19        WHEREAS, Plaintiff GeoTag, Inc. and Defendant Zoosk, Inc., hereafter referred to as

20   "the Parties," believe that certain information that is or will be encompassed by discovery

21   demands by the Parties involves the production or disclosure of trade secrets, confidential

22   business information, or other proprietary information;

23        WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance

24   with Federal Rule of Civil Procedure 26(c):

25        **IT IS THEREFORE ORDERED THAT:**

26        **1.    DEFINITIONS**

27        (a)  "Discovery Material" means all items or information, including from a non-party,

28   regardless of the medium or manner generated, stored, or maintained (including testimony,

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery in this matter, including documents, deposition testimony or discovery responses.

(b) "Outside Counsel" means (1) outside counsel who appear on the pleadings as counsel for a Party, and (2) partners, associates, contract lawyers, employees, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, and legal clerks.  Notwithstanding the above, any person involved in competitive decision-making as it relates to the subject matter of this litigation shall not be included in this definition.

(c) "Party" means any party to this action, including its officers, directors, employees, and consultants.

(d) "Patent-in-suit" means U.S. Patent No. 5,930,474.

(e) "Producing Party" means any Party or other third-party entity that discloses or produces Discovery Material in this action.

(f) "Protected Material" means Discovery Material that is designated as "Confidential," "Confidential – Attorneys' Eyes Only," or "Confidential – Outside Attorneys' Eyes Only – Source Code," as provided in this Order.  Protected Material shall not include (1) publicly-distributed advertising materials, (2) materials that on their face show that they have been published to the general public or otherwise in the public domain, , (3) materials and information that are publicly available through or publicly available on a Party's website(s); (4) information that after disclosure to a Receiving Party becomes part of the public domain as a result of publication not involving a violation of this Order or any violation of law, (5) information that a Receiving Party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party, or (6) information that a Receiving Party can show was independently developed after the time of its disclosure by personnel who have not had access to the information designated by a Producing Party under this Order, or (7) information that has been submitted to any governmental entity without request for confidential treatment and is publicly available by

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

that governmental entity or other public source.

(g)  "Receiving Party" means any Party receiving Discovery Material from a Producing Party.

(h)  "Zoosk Litigation" means the litigation identified by the case caption above.

(i)  "Source Code" and/or "Source Code Material" means computer instructions, data structures, data schema, and data definitions expressed in a form suitable for input to an assembler, compiler, translator, or other data processing module that the Producing Party believes in good faith is not generally known to others and has significant competitive value such that unrestricted disclosure to others would harm the Producing Party, and which the Producing Party would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence.  Source Code may include graphical and design elements and may be included in structured files in formats including, but not limited to, HTML, XML, XSL, and SGML.  "Source Code" and/or "Source Code Material" shall not include folder and file structures containing the computer instructions, data structures, data schema, and data definitions listed above.  "Source Code" and/or "Source Code Material" shall not include publicly available computer instructions, data structures, data schema, and/or data definitions publicly available through or publicly available on a Party's website, including, but not limited to, web pages, source code for webpages, databases, and files publicly available through or publicly available on a Party's website.  No party shall knowingly produce publicly available Source Code or publicly available Source Code Material with any confidential designation.

**2.      DESIGNATING DISCOVERY MATERIAL AS PROTECTED MATERIAL**

(a)  <u>Confidentiality Designation Categories</u>.  Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein:  (1) "CONFIDENTIAL;" (2) "CONFIDENTIAL – ATTORNEYS' EYES ONLY"; and  (3) "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE.

(b)  <u>Confidential Designation</u>.  A Producing Party may designate Discovery Material "CONFIDENTIAL" if the Producing Party has a good faith belief that the Discovery Material

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

constitutes or contains confidential technical, sales, marketing, financial, or other commercial information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the Producing Party.

(c) <u>Confidential – Attorneys' Eyes Only Designation</u>. A Producing Party may designate Discovery Material "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if the Producing Party has a good faith belief that the Discovery Material constitutes or contains proprietary information, which if made public, may cause harm to the competitive position of the Producing Party.

(d) <u>Confidential – Outside Attorneys' Eyes Only – Source Code</u>. A Producing Party may designate Discovery Material "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" if the Producing Party has a good faith belief that the Discovery Material is in the form of Source Code that the Producing Party believes in good faith is so commercially sensitive or confidential that the disclosure to another Party, even under the restricted terms and conditions applicable to material designated "Confidential – Attorneys' Eyes Only " would not provide adequate protection to the interest of the Producing Party.

(e) Designating Written Discovery and Documents and Tangible Things. Written discovery, documents, and tangible things that meet the requirements for the confidentiality designations set forth in this Order may be so designated by placing the appropriate designation on each page of the written material prior to production that requires such designation where possible, except for documents produced in native format which shall have the appropriate designation affixed on the face of the media containing such native format documentation. In addition to the foregoing, to the extent that documents are produced in electronic form where individual page designations are impractical, the addition of a confidentiality designation in the file name shall be sufficient to provide notice of said confidentiality and additional written notice is unnecessary in this situation. Other tangible things not produced in documentary form may be designated by affixing the appropriate designation on a cover page for such material and in a prominent place on the exterior of the container or containers in which the information or things are stored.

(f) Designating Depositions and Testimony. Parties or testifying persons or entities may

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice that the testimony is designated within fifteen (15) days of receipt of the transcript of the testimony.  All information disclosed during a deposition shall be deemed CONFIDENTIAL – ATTORNEYS' EYES ONLY until the time within which it may be appropriately designated as provided for herein has passed, with the exception of any portion of a deposition previously designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE", which shall be treated accordingly.

(1)     Each Party shall use its best efforts to attach a copy of such written notice or notices to the face of each transcript of a deposition so designated that is within the Party's possession, custody or control.

(2)     Any designated Discovery Material that is used in the taking of a deposition shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with such Discovery Material.  In such cases, the court reporter shall be informed of this Order and shall be required to operate in a manner consistent with this Protective Order.

(3)     In the event the deposition is videotaped or recorded by other video means, the original and all copies of the videotape or other video media shall be marked by the video technician to indicate that the contents of the videotape or other video media are subject to this Order, (*e.g.* by including a label on the videotape or other video media which contains the appropriate confidentiality designation).

(4)     Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the questioning counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

(g)     Designating Information Not Reduced to Any Physical Form.  For information not

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

reduced to any documentary, tangible, or physical form, or which cannot be conveniently

designated as set forth above, the Producing Party must inform the Receiving Party of the

designation of such information in writing.

(h)  <u>Designating Discovery Material Made Available for Inspection</u>.  If a Producing Party

makes Discovery Material available to another Party by allowing access to the Discovery

Material for inspection instead of delivering a copy of the material to a Party, the Producing Party

may make a temporary designation of all items being inspected as "CONFIDENTIAL" or

"CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE

ATTORNEYS' EYES ONLY – SOURCE CODE" if the Producing Party believes in good faith

that the Discovery Material made available for inspection may constitute or contain confidential

information and is entitled to the level of confidentiality designated.  The Producing Party shall

inform the Party seeking the inspection in writing in advance of the inspection that Discovery

Material made available for inspection shall be treated under the appropriate designation pursuant

to this Protective Order.  If the Producing Party later produces any temporarily-designated

Discovery Material, the Producing Party shall re-designate the material in accordance with terms

of this Protective Order, for example, by placing the appropriate legend on any documents during

the copying process.

(i)  <u>Derivative Materials</u>.  The protections conferred by this Protective Order cover not

only Discovery Material governed by this Protective Order, but also any information copied or

extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, as well as

testimony, conversations, or presentations by Parties or their Counsel in Court or in other settings

that might reveal Protected Material.

(j)  <u>Prior Production</u>.  Any document produced before issuance of this Order with the

designation "Restricted - Attorneys' Eyes Only" shall receive the same treatment as if designated

"CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order, unless and until such

document is redesignated to have a different classification under this Order.  Additionally, any

document produced before issuance of this Order with the designation "Restricted Confidential

Source Code" shall receive the same treatment as if designated "CONFIDENTIAL –

ATTORNEYS' EYES ONLY - SOURCE CODE" under this Order, unless and until such document is redesignated to have a different classification under this Order.

## 3.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

(a)  No Duty to Challenge Designations Immediately.  A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.  A Receiving Party may at any time request that the Producing Party cancel or modify the Protected Material designation with respect to any document or information contained therein.

(b)  Procedure for Challenging Designations.  A Party may request in writing to the other Party that the designation given to any Protected Material be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

(c)  Continued Confidentiality Treatment Pending Disposition of Challenge. Notwithstanding any challenge to a confidentiality designation of Discovery Material, the material in question shall continue to be treated as designated under this Protective Order until one of the following occurs: (a) the Producing Party that designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

## 4.      RESTRICTIONS ON DISCLOSURE OF PROTECTED MATERIAL

(a)  Disclosure of Material Designated "Confidential."  A Receiving Party may disclose Discovery Material designated as "CONFIDENTIAL" only to the following:

(1)  The Receiving Party's Outside Counsel;

(2)  Subject to section (e) of this Section, up to three (3) in-house counsel for the Receiving Party (including in-house counsel for any parent and/or affiliate companies of, or other companies providing a defense or indemnification in these Actions on behalf or, the Receiving Party) with decision-making responsibility for this litigation, to whom disclosure is reasonably necessary for this litigation.  To the extent the Receiving Party seeks to have additional in-house counsel obtain access to a Producing Party's Protected Material, the Parties shall meet and confer in good faith and consent to such additional access shall not be unreasonably withheld.

(3)  Any expert or consultant, and their necessary support personnel,  retained by a Receiving Party, including any expert or consultant retained by the law firm of the Receiving Party, who is not a current employee of the Receiving Party or an affiliate of the Receiving Party, and any personnel assisting the expert or consultant in this lawsuit, provided that such disclosure is only to the extent necessary to perform such work, and further provided that: (a) such person has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Order, and (b) there are no unresolved objections to such disclosure existing after proper notice has been given to all parties as set forth in this Protective Order;

(4)  Court reporters, stenographers and videographers retained to record testimony taken in this action, to whom disclosure is reasonably necessary for this litigation;

(5)  The Court, jury, and Court personnel (under seal or with other suitable precautions determined by the Court);

(6)  Personnel employed by anyone providing a Receiving Party with document litigation support, graphics, translation, design, and/or trial consulting services to whom disclosure is reasonably necessary for this litigation, provided that each such person, including their staff, has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Order, and provided that such Personnel are not an officer, director, or employee of the Receiving Party;

(7)  Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

(8)  Mock jurors who have signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms and conditions of this Order (said signed acknowledgement for mock jurors need not be provided to counsel for any other Party);

(9)  Up to two representatives of a Receiving Party who are officers or employees of the Receiving Party (including officers or employees of any parent and/or affiliate company of, or other companies providing a defense or indemnification in the Actions on behalf of, the Receiving Party) and who shall be designated in writing by the Receiving Party provided that each such person has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Order.  In addition, any Party may in good faith request any other Party's consent to designate one or more additional representatives, the other Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such additional representative(s) if the requesting Party believes the other Party has unreasonably withheld such consent.

(10)  Any other person with the prior written consent of the Producing Party specifying that said person may have access to material designated "Confidential."

(b)  Disclosure of Material Designated "Confidential – Attorneys' Eyes Only."  A Party may disclose Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to the following:

(1)  all persons allowed access to Discovery Material designated as "CONFIDENTIAL" as set forth in section (a) above pursuant to the same terms and conditions, except that such CONFIDENTIAL – ATTORNEYS EYES ONLY material shall not be disclosed to those persons described in subsections (9) and (10) of section (a) above; and

(2)  any other person with the prior written consent of the Producing Party specifying that said person may have access to material designated as "Confidential – Attorneys' Eyes Only"; and

(3)  Notwithstanding the above, the named inventors of the asserted patent may not review any material designated as "Confidential – Attorneys' Eyes Only."

(c)  Disclosure of Source Code Material.  A Receiving Party may disclose Source Code

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY –
SOURCE CODE" only to the following:

   1.  The Receiving Party's Outside Counsel;

   2.  Court reporters, stenographers and videographers retained to record
testimony taken in this action, to whom disclosure is reasonably necessary for this litigation;

   3.  The Court, jury, and Court personnel (under seal or with other suitable
precautions determined by the Court);

   4.  Personnel employed by anyone providing a Receiving Party with litigation
support, graphics, translation, design, and/or trial consulting services to whom disclosure is
reasonably necessary for this litigation (excluding experts), provided that each such person,
including their staff, has signed the acknowledgement form annexed hereto as Exhibit A agreeing
to be bound by the terms of this Order, and provided that such Personnel are not an officer,
director, or employee of the Receiving Party;

   5.  Any mediator, provided there are no unresolved objections to such
disclosure, who is assigned to hear this matter, and his or her staff, subject to their agreement to
maintain confidentiality to the same degree as required by this Protective Order; and

   6.  No more than a total of five (5) experts or consultants of a Receiving Party
provided that there are no unresolved objections to such disclosure existing after proper notice
has been given to all parties as set forth in Section 6 entitled "NOTICE OF DISCLOSURE" of
this Order below, further provided that such person has signed the acknowledgement form
annexed hereto as Exhibit A agreeing to be bound by the terms of this Order, and further provided
that such persons are not an officer, director, employee, or otherwise affiliated with the Receiving
Party.  To the extent the Receiving Party seeks to have additional experts or consultants obtain
access to a particular Producing Party's Source Code Material, the Parties shall meet and confer
in good faith and consent to such additional access shall not be unreasonably withheld;

   7.  Notwithstanding the above, the named inventors of the asserted patent may
not review any material designated as CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES
ONLY - SOURCE CODE.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

8.      Notwithstanding the above, Source Code Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" by a Producing Party may not be disclosed to the in-house counsel or business representatives of any Party (including in-house counsel for any affiliates of that Party) without written consent of the Producing Party.

(d)   Disclosure of Plaintiff Protected Material to Defendants.  Plaintiff Protected Materials that are disclosed under this Protective Order may be disclosed to the parties in Related Actions[1] and may be used in any of the Related Actions as if produced in those actions under a protective order identical or substantially similar to this Order.

(e)   Disclosure to Authors or Lawful Recipients of Protected Material.  This Protective Order does not preclude a Party from disclosing any Protected Material, including using the Protected Material to examine a witness at trial, a hearing or during a deposition concerning any Protected Material, to (1) any person identified in the Protected Material as an author, addressee, or copy recipient of such information; (2) any person who has lawfully received, authored or seen the Protected Material. Also, nothing in this Protective Order shall preclude any Party from disclosing or using, in any manner or for any purpose, any Protected Material from the Party's own files.

(h)   Providing Advice to Clients.  Nothing in this Protective Order shall preclude any attorney from providing to their clients an evaluation of any Protected Material produced or exchanged in this litigation, provided, however, that, in rendering such advice and otherwise

---

[1] "Related Actions" are actions pending in any District concerning U.S. Patent No. 5,930,474 in which Plaintiff GeoTag, Inc. is a party, including but not limited to: GeoTag, Inc. v. Frontier Communications, Corp., Case No. 2:10-cv-256 (E.D. Tex.); Microsoft Corp. v. GeoTag, Inc., Case No. 1:11-cv-175 (D. Del); Oracle America, Inc. v. GeoTag, Inc., Case No. 12-621 (D. Del); GeoTag, Inc. v. AT&T Mobility, LLC, Case No. 13-cv-00169 (N.D. Tex.); GeoTag, Inc. v. Godfather's Pizza, Inc. (listed as GeoTag, Inc. v. Starbucks Corp. on PACER), Case No. 8:13-cv-00023 (D. Neb.); GeoTag, Inc. v. Starbucks Corp., Case No. 2:10-cv-00572 (E.D. Tex.); GeoTag, Inc. v.  Classified Ventures, LLC, Case No. 13-cv-00295 (N.D. Ill.) ; GeoTag, Inc. v. Fred's Inc., Case No. 13-cv-02030 (W.D. Tenn.); GeoTag, Inc. v. Discount Tire Co., Case No. 2:13-cv-00336 (D. Ariz.); GeoTag, Inc. v. The Boeing Co., Case No. 2:13-cv-00183 (E.D. Tex.); GeoTag, Inc. v. Western Union Company, Case No. 2:10-cv-574 (E.D. Tex.); GeoTag, Inc. v. International Business Machines Corp., 2:13-cv-00062 (E.D. Tex.); GeoTag, Inc. v. Kronos, Inc., 2:13-cv-00063 (E.D. Tex.); GeoTag, Inc. OnTargetJobs, Inc., 2:13-cv-00064 (E.D. Tex.); GeoTag, Inc. v. Oracle Corp., 2:13-cv-00065 (E.D. Tex.); GeoTag, Inc. v. People Answers, Inc., 2:13-cv-00066 (E.D. Tex.).

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

communicating with their client, Outside Counsel shall not disclose the specific contents of any Protected Material produced by another Producing Party if such a disclosure would be contrary to the terms of this Protective Order.

## 5.    DISCLOSURE AND REVIEW OF SOURCE CODE

Any Source Code that a Producing Party produces shall be produced or made available only to persons authorized to have access to Source Code pursuant to this Section 5, unless otherwise mutually agreed to by the Parties.

(a)  Location for Making Source Code Available.  A Producing Party may make any Source Code produced in this case available on "standalone" computers (that is, not connected to a network, Internet or peripheral device except that the stand-alone computers will be connected to a printer or printers) at the Northern California office of counsel for the Producing Party, or at a location mutually agreed upon by the Receiving and Producing Parties, or as permitted under the Federal Rules of Civil Procedure.

(1)  Regardless of which alternative a Producing Party chooses pursuant to this subsection, if any, the Producing Party's Source Code shall be available for inspection by a Receiving Party during regular business hours for a nine hour period between 9:00 a.m. and 6:00 p.m. as long as the Receiving Party provides written notice at least three (3) business days in advance.  A Receiving Party may request access to Source Code on weekends or at times during a business day other than the nine-hour period provided above, subject to the ability of the Secure Facility or personnel associated with counsel for the Producing Party to accommodate such a request, as long as the Receiving Party provides written notice at least four (4) business days in advance.  The Receiving Party shall make its best efforts to restrict its requests for access to normal business hours. The Secure Facility and/or the office of counsel for the Producing Party shall be available for a Receiving Party's inspection and review of Source Code until the termination of this litigation as to the Producing Party.

(2)  No recordable media or recordable devices, including without limitation sound recorders, computers, peripheral equipment, cameras (including cellular telephones with

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

cameras), CDs, DVDs, or drives of any kind, shall be permitted in the room housing the stand-alone computer(s) containing the Source Code.

(3)  If a Producing Party makes its Source Code available for review at the offices of counsel for the Producing Party, then the Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the Source Code on the stand-alone computer(s).

(b) <u>Producing Source Code to Outside Counsel for the Receiving Party</u>.  Alternatively, a Producing Party may, at the Producing Party's sole discretion, produce Source Code to Outside Counsel for the Receiving Party, who shall maintain and store such Source Code at Outside Counsel's offices in a manner that prevents unauthorized access to the Source Code, including, without limitation, the following minimum safeguards:

(1)  Any external media (e.g., hard drives, DVDs) containing Source Code must be conspicuously marked "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY– SOURCE CODE."  The external media must only be accessed on a standalone computer and must be disconnected from and/or removed from the standalone computer and stored in a locked safe or cabinet when it is not actually being used to view the Source Code contained therein;

(2)  The standalone computer and the safe or storage cabinet must be kept in a locked and secure room with access to such room permitted only via a key (or card) system;

(3)  The standalone computer and/or external media used to store the Source Code shall be password protected;

(4)  No electronic copies of Source Code, other than volatile copies necessarily made in the course of loading and accessing the Source Code on the standalone computer, shall be made.

(c) <u>Production of Source Code in Electronic Native Format.</u>  All Source Code shall be produced or made available in electronic native format, to the extent it exists in that format and can be produced or made available in that format without undue burden.

13          Case No. 13-cv-00217-EMC

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

Fenwick & West LLP
Attorneys at Law
Mountain View

(d) <u>No Hard Copies of Source Code.</u>  No hard copies of Source Code shall be made, except solely in connection with the preparation of exhibits for expert reports or pleadings.  Any such copies of the portions of the Source Code shall be conspicuously marked "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE", and any reports, pleadings or other materials incorporating, attaching or otherwise referencing the same filed with the Court, shall be filed under seal.

(e) <u>Storing Source Code at Alternate Facility</u>.  If Outside Counsel for the Receiving Party desires to store and access hard copies or electronic copies of Source Code in a secure facility at a location other than its own offices as required in Paragraph (a) of this Section, such counsel shall propose in writing to Outside Counsel for the Producing Party the precise location of the alternative proposed secure facility.  Source Code shall not be located in such new facility unless and until approved in writing by Outside Counsel for the Producing Party, which approval shall not be unreasonably withheld.

(f) <u>Viewing and Searching Tools</u>.  In the event of production at a Secure Facility or at the office of counsel for the Producing Party, the Producing Party shall install tools that are sufficient for viewing, searching, and analyzing the produced Source Code, if such tools exist and are presently used in the ordinary course of the Producing Party's business, or shall provide such tools to the Receiving Party if Source Code is produced pursuant to this Section.  If the Receiving Party wishes to use additional tools, the Receiving Party may request that commercially available software tools for viewing, searching, and analyzing Source Code be installed at the Secure Facility, provided, however, that such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code and are in compliance with all of the terms, conditions and protections herein.  In such case, the Receiving Party will bear the expense of providing the requested tools.  Reasonable commercially available software tools shall include "Visual Studio" and "Understand" tools.  The Producing Party shall not make any modifications to any installed tools without the consent of the Receiving Party.

(g) <u>Printing Paper Copies of Source Code</u>.  The Receiving Party shall be allowed to request printouts on colored paper of Source Code inspected and reviewed pursuant to Paragraph

(a) of this Section (or copy if Source Code is produced pursuant to Paragraph 5(b)) in accordance with the following provisions:

(1)  The Receiving Party shall only be entitled to printouts of those portions of the code reasonably necessary to case preparation activity.  The Receiving Party shall not print any continuous block of Source Code that results in more than thirty-five (35) printed pages or more than 500 pages of Source Code in total for each Producing Party or group of corporately-related Producing Parties.  The printed portions shall be printed in no smaller than twelve (12) point font.  The Receiving Party may in good faith make a further request to print continuous blocks that exceed thirty-five (35) pages, or Source Code exceeding 500 pages in total for each Producing Party or group of corporately-related Producing Parties.  The Producing Party may object to such a request, but shall not unreasonably deny such a request.

(2)  To the extent reasonably practicable, any pages of Source Code printed by the Receiving Party in accordance with the terms of this order shall be Bates numbered and labeled "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" by the Producing Party.  The Producing Party shall provide one (1) copy set of such pages to the Receiving Party within three (3) business days of the date the pages were printed by the Receiving Party and shall retain the original set, unless the Producing Party has a good faith belief that the volume or content of the printed portions of the Source Code are not requested for legitimate discovery purposes.  The Producing Party will provide the Receiving Party written notice of any such objection and a reasonable description of the basis for such objection within this five (5) business day period. The Producing Party and the Receiving Party shall meet and confer regarding any such objection within five (5) business days of the written notice of the objection.  If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek a Court resolution of the dispute within five (5) business days of the conclusion of the meet and confer process.  The printed pages shall constitute part of the Source Code produced by the Producing Party in

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

this action.

(3)  The Receiving Party shall not print Source Code in order to review blocks of source code elsewhere in the first instance, *i.e.*, as an alternative to reviewing that Source Code electronically on the stand-alone computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of Source Code for review and analysis elsewhere.  A Producing Party may not rely on this subparagraph alone as a basis for refusing to comply with a request for a printout of Source Code.

(h)  <u>Identification of Persons Inspecting or Viewing Source Code</u>.  A Receiving Party seeking to inspect a Producing Party's Source Code shall identify in writing to the Producing Party the persons who will be conducting the inspection or will be present during the inspection no less than three (3) business days in advance of any such inspection.  Such identification shall be in addition to any disclosure required pursuant to any other provision in any Protective Order entered in these cases.

(i)  <u>Copies of Printed Source Code Pages</u>.  The Receiving Party's Outside Counsel may make no more than three (3) paper copies of any page of the Source Code received from a Producing Party following inspection under this Section above, not including copies attached to documents listed in paragraph (m) below.  To the extent the Receiving Party seeks to make additional paper copies of a particular Producing Party's Source Code, the Parties shall meet and confer in good faith.  Electronic copies of Source Code may not be made without prior written consent of the Producing Party, except to the extent necessary to e-file a document with the Court.  In no event may copies of Source Code be scanned using optical character recognition ("OCR") or similar technology.

(j)  <u>Notes</u>.  The Receiving Party's Outside Counsel and retained experts or consultants otherwise allowed to view Source Code shall be entitled to take notes relating to the Source Code provided, however, that no one may copy more than fifteen (15) continuous lines of Source Code into said notes The Receiving Party's Outside Counsel and retained experts or consultants shall maintain any such notes in a secure location when an authorized person is not reviewing the

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

Source Code.

(k)  <u>Paper Copies of Source Code and Notes to be Secured</u>.  The Receiving Party's Outside Counsel and retained experts or consultants must maintain any paper copies of and notes relating to the Source Code in a secure location in a manner that prevents duplication of or unauthorized access to the Source Code or notes when not in use, such as storing the Source Code or notes in a locked room or cabinet at all times when it is not in use.  Any paper copies of such Source Code or notes related to such Source Code shall be labeled "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."  Notwithstanding the foregoing, attorneys and experts and consultants may make and retain copies of paper copies of the Source Code produced by the Producing Party for use as described in paragraph (m) below, and nothing herein shall be construed to make such notes discoverable absent a waiver of attorney-client, work product, or other privilege.

(l)  <u>Deposition Exhibits Containing Source Code</u>.  The Parties shall not provide the court reporter with copies of Source Code that are marked as deposition exhibits and such exhibits shall not be attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(m)  <u>Quoting Source Code in Court Documents</u>.  A Receiving Party may include excerpts of Source Code in a pleading, exhibit, expert report, discovery document, deposition transcript, infringement contentions, other Court document, or any drafts of these documents (hereinafter a "Source Code Document").  To the extent portions of source code are quoted or otherwise disclosed in a Source Code Document, either (1) the entire document will be stamped "Confidential – Outside Attorneys' Eyes Only – Source Code" or (2) those pages containing quoted source code will be separately bound, and stamped as "Confidential – Outside Attorneys' Eyes Only – Source Code."  All Source Code Documents shall be filed under seal, such that Source Code is redacted in any publicly available document or filing.  A Receiving Party shall make a good faith effort to quote the minimum amount of Source Code necessary in any such document.

(n)  <u>Miscellaneous</u>.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

(1)  The Producing Party may not configure its Source Code in a manner that unreasonably impedes or slows the Receiving Party's ability to inspect the Source Code or allows the Producing Party to monitor the Receiving Party's inspection (*e.g.*, key logging, video capture, etc.).

(2)  Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.

(3)  All cumulative paper or electronic copies of Source Code shall be securely destroyed in a timely manner if they are no longer in use (*e.g.*, at the conclusion of a deposition).

(4)  Access to and review of Source Code shall be strictly for the purpose of investigating the claims and defenses at issue in this case.  No person shall review or analyze any Source Code for purposes unrelated to this case, nor may any person use any specific knowledge gained as a result of reviewing Source Code in this case in any other pending or future dispute, proceeding, patent prosecution, or litigation.

(5)  Any Discovery Material designated by a Producing Party "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" which is not in the form of computer Source Code shall be produced to a Receiving Party in electronic format. The limits above applying to access, printing, and copies of Source Code and notes relating to Source Code shall apply to such Discovery Materials.  The Receiving Party's Outside Counsel and retained experts or consultants must maintain such Discovery Material in a secure location in a manner that prevents duplication of or unauthorized access to the Source Code or notes when not in use, including, without limitation, storing the Source Code or notes in a locked room or cabinet at all times when it is not in use.

(6)  The Receiving Party shall comply with any applicable export controls under the laws of the United States and agrees not to knowingly export, re-export, or transfer any Source Code of the Producing Party outside of the United States without first obtaining authorization from the Producing Party.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1

**6.     NOTICE OF DISCLOSURE**

2

(a)  <u>Notice of Proposed Disclosure to Expert or Consultant</u>.  Prior to disclosing any

3   Protected Material to any retained expert or consultant, the Party proposing disclosure to such

4   expert or consultant shall serve on all parties:  (1) an executed agreement to be bound by the

5   terms of this protective order in the form attached hereto as Exhibit A; (2) the present employer

6   and title of the person; (3) an up-to-date curriculum vitae of the person: (4) an identification of

7   any work performed by that person since 2003 for or on behalf of a Producing Party whose

8   documents are the subject of the proposed disclosure, any affiliate of that Producing Party, or any

9   direct competitor of that Producing Party to the extent the expert or consultant is aware of an

10  affiliate or competitive relationship after a reasonable investigation.

11

(b)  <u>Objection to Proposed Disclosure</u>.  Within seven (7) days of receipt of this

12  information, any Party may object to the proposed expert or consultant for good cause.  Any such

13  objection shall be served on all parties and:  (1) state in detail the basis for the objection; (2)

14  identify the categories of Protected Matter that the objection applies to; (3) state how the

15  objecting Party believes the disclosure may be harmful; and (4) state why the objecting Party

16  believes the protections already afforded under this Protective Order would be inadequate to

17  prevent the anticipated harm such that objection is warranted.

18

(c)  <u>Resolution of Objection to Disclosure</u>.  If a Party objects to the proposed disclosure to

19  an expert or consultant within the time and in the manner required, the objecting Party and the

20  Party proposing disclosure shall meet and confer within five (5) business days to resolve the

21  objection.  If the objection is not resolved within this five (5) day period, the objecting Party may

22  move the Court for an order preventing disclosure of the information to the designated expert or

23  consultant within five (5) business days after the meet and confer, and the Party proposing

24  disclosure shall not disclose such information to its designated expert or consultant until either the

25  five business days lapse or, if the objecting Party makes a motion, until the Court rules on the

26  motion.  The objecting Party bears the burden of proof to prevent disclosure to the expert or

27  consultant.  The parties will not oppose any Party's request for expedited briefing regarding any

28  disputed objection providing for no more than three (3) business days for a response brief, two (2)

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

business days for a reply brief, and two (2) business days for a sur-reply brief.

(d)  <u>Objection to Continued Disclosure</u>.  A Party's failure to object to a disclosure of Protected Material to a retained expert or consultant shall not preclude any Party from later objecting to continued access to such material by that expert or consultant, so long as the objection is made in a timely manner after acquiring knowledge of the facts providing the basis for the objection.  If a Party asserts an objection to continued access to Protected Material by an expert or consultant, no further Protected Material shall be disclosed to the expert or consultant until the Court resolves the matter or the objecting Party withdraws its objection.  If an objection is made, the objecting Party and the Party proposing continued disclosure shall follow the procedure described above in section (c) for resolving such objections.

### 7.   PATENT PROSECUTION BAR

To ensure compliance with the purpose of this provision, Plaintiff shall create an "Ethical Wall" between those persons with access to another party's Protected Material that is designated CONFIDENTIAL -- OUTSIDE ATTORNEYS' EYES ONLY -- SOURCE CODE and/or technical Protected Material designated CONFIDENTIAL – ATTORNEYS' EYES ONLY that is less than ten (10) years old (collectively "Highly Sensitive Material"), and any individuals who, on behalf of  Plaintiff or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit or the storing, searching, and retrieval of online directory information.

(a)  <u>Patent Prosecution Bar With Respect to Patent Prosecution.</u>  Any attorney representing Plaintiff, whether in-house or Outside Counsel, and any person associated with Plaintiff and permitted to receive another Producing Party's Highly Sensitive Material, who both receives and reviews, in whole or in part, the contents of Highly Sensitive Material produced by another Producing Party may not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application on behalf of any entity, whether party to this action or not (other than on behalf of the Producing Party who produced the Highly Sensitive Material at issue) pertaining to the field of the invention of the patent-in-suit.  The above prohibitions shall continue

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

for the field of the invention of the patent-in-suit during the pendency of this Action and including one (1) year following either the entry of a final non-appealable judgment or order, or the complete settlement of all claims against the Producing Party or Producing Parties whose Highly Sensitive Material was received or reviewed, or one (1) year following the withdraw from the Zoosk Litigation by an attorney, whichever is earlier.

(b)  No Imputation of Prosecution Bar.  The prosecution bar described herein shall not be imputed to partners, associates, or other colleagues of a person who is subject to the prosecution bar and who did not actually review or learn of the contents of any Highly Sensitive Material.

**8.    USE OF PROTECTED MATERIAL**

(a)  Use of Protected Material in General.  Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this Zoosk Litigation, and shall be used only for purposes of litigating the Zoosk Litigation and shall not be used directly or indirectly for any other purpose whatsoever.  Notwithstanding this provision, the Receiving Party may not disclose Protected Material to any other party in any Zoosk Litigation except as permitted in Sections 4(d), 4(e), or 12 of this Order.

(b)  Filing Protected Material with the Court.  Any Receiving Party is authorized to file under seal with the Court in this case any material that is designated as Protected Material under this Protective Order.  Any Protected Material that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this

Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

(c)  Use of Protected Material in the Courtroom. Any person may be shown and may be examined as a witness at a deposition, hearing or trial and may testify concerning all Protected Material which such person had knowledge of apart from the production of such material in this case.  Without in any way limiting the generality of the foregoing:

(1)  A present director, officer, and/or employee of a Producing Party may be shown and may be examined as a witness at a deposition, hearing or trial and may testify concerning all Protected Information which has been produced by that Producing Party;

(2)  A former director, officer, agent and/or employee of a Producing Party may be shown and may be examined as a witness at a deposition, hearing or trial and may testify concerning all Protected Material which that person had knowledge of apart from the production of such material in this case, including any Protected Material that refers to matters which the witness has personal knowledge of, which has been produced by that Producing Party and which pertains to the period or periods of the person's employment; and

(3)  Non-parties may be shown and may be examined as a witness at a deposition, hearing or trial and may testify concerning any document containing Protected Material of a Producing Party which appears on its face or from other documents or testimony to have been lawfully received from or communicated to the non-party.  Any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Material under this Protective Order shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination.  If the witness is represented by an attorney who is not qualified under this Protective Order to receive such information, then prior to the examination, the Producing Party shall request that the attorney provide a signed statement, in the form of Attachment A hereto, that he or she will comply with the terms of this Protective Order and maintain the confidentiality of Protected Material disclosed during the course of the examination. In the event that such attorney declines to sign such a signed statement prior to the examination, the parties, by their

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Information.

(4)  The Parties shall meet and confer to discuss procedures for maintaining the confidentiality of Protected Material used during the course of any pre-trial hearing or trial.

(d)  <u>Court Reporters</u>.  Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all Protected Material designated as such under this Order shall retain its protected status and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

**9.       INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

(a)  <u>Request for Return of Discovery Material</u>.  The inadvertent production by a Producing Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b)  <u>Response to Request for Return of Discovery Material</u>. Upon a request from any Producing Party who believes it has inadvertently produced Discovery Material that is privileged and/or protected and/or otherwise not subject to discovery in this matter, each Receiving Party shall immediately destroy or return such Discovery Material (including all copies) to the Producing Party.  The Producing Party shall within a reasonable time provide the Receiving Party with a privilege log of any such returned or destroyed material that identifies the basis for it being withheld from production.  Notwithstanding this provision, no person is required to delete information that may reside on the respective person's electronic back-up systems that are over-written in the normal course of business.  Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation (based on information independent of the snapped-back content of the allegedly privileged materials in question) by submitting a written challenge to the Court, though any such written challenge shall be designated CONFIDENTIAL

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

ATTORNEYS' EYES ONLY, and the disputed material shall be provided by the Producing Party only for in camera inspection by the Court and not filed as part of the Court's normal electronic or paper docketing system.

(c)  <u>Ethical Obligations</u>.  Nothing herein is intended to alter any attorney's obligation to abide by any applicable rules of professional responsibility relating to the inadvertent disclosure of privileged information.

## 10.    INADVERTENT FAILURE TO DESIGNATE

(a)  <u>Designation After Production</u>.  Upon a request from any Producing Party who believes it has inadvertently produced Discovery Material under an improper confidentiality designation and production by the Producing Party of re-designated Discovery Material, each Receiving Party shall make reasonable efforts to immediately destroy or return the mis-marked Discovery Material (including all copies) to the Producing Party.  A Producing Party's failure to designate documents, information or material in accordance with this Order shall not preclude the filing of a motion at a later date seeking to impose such designation, if the Receiving Party refuses to comply with the Producing Party's request to return or destroy the Discovery Material.

(b)  <u>Consequences of Designation After Production</u>. A Receiving Party shall not be in breach of this Protective Order for any use of such Discovery Material before the Receiving Party receives notice of the inadvertent failure to designate.  Once a Receiving Party has received notice of the inadvertent failure to designate pursuant to this provision, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph (c) of this Section below) at the appropriately designated level pursuant to the terms of this Protective Order.

(c)  <u>Re-Labeling of Discovery Material</u>.  If Discovery Material is designated or redesignated with a different confidentiality designation subsequent to production, such subsequent designation of Discovery Material shall apply only on a going forward basis.  Any person who reviewed such material before it was designated as protected under one of the confidentiality categories of this Protective Order shall not be disqualified from any activity or otherwise prejudiced as a result of such review.

## 11.    INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

(a) <u>Notice of Unauthorized Disclosure and Corrective Action</u>.  In the event of a disclosure of any Discovery Material to any person not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b) <u>Protected Status of Material After Unauthorized Disclosure</u>.  Unauthorized disclosure of Protected Material does not change the protected status of such Discovery Material or waive the right to maintain the disclosed document or information as Protected Material.

## 12.    SUBPOENAS OR COURT ORDERS

(a) <u>Notice and Opportunity to Seek Relief</u>.  If any Party is served with any subpoena or other request for the production of Protected Material produced by another Party in connection with any proceeding before any court or other judicial, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to each Producing Party who has produced such Protected Material (directly or through the Producing Party's Outside Counsel), and shall provide each Producing Party with an opportunity to object and intervene as appropriate regarding the request for the production of Protected Materials.  If a Producing Party does not object and/or intervene to prevent disclosure of such documents within fourteen (14) days of the date written notice is given, the Party to whom the subpoena or other request is directed may produce such documents in response thereto. Nothing in this Section, however, shall be interpreted to require the Party to whom the subpoena or other request is directed to refuse to comply with any legal duty or obligation imposed by a court or other judicial, arbitral, administrative, or legislative body.

(b) To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

(c)  To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or give by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

### 13.    TERMINATION OF LITIGATION

(a)  <u>Continuing Obligations of Protective Order</u>.  After termination of this litigation, the provisions of this Protective Order shall continue to be binding, except with respect to those documents and information that become a matter of public record.

(b)  <u>Jurisdiction</u>.  This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Material for enforcement of the provisions of this Protective Order following termination of this litigation.

(c)  <u>Destruction or Return of Protected Material</u>.  Within thirty (30) days of final termination of this Action, including any appeals, all Protected Material, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the receiving Party's election either be returned to the producing Party or be destroyed, except that Protected Material designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" or documents or things not filed with the Court discussing or describing Protected Material designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" must be returned. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

(d) <u>Retention of Protected Material</u>.  Notwithstanding the provisions of Paragraph (c) of this Section above, Outside Counsel for a Receiving Party may retain a copy of any pleading, transcript (for each deposition, hearing, and trial), written discovery responses, expert report, and attorney work product, regardless of whether it includes or details Protected Material, except that a Receiving Party's Outside Counsel shall not retain Protected Material designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" or documents or things not filed with the Court discussing or describing Protected Material designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE." Any Protected Material retained by Outside Counsel pursuant to this provision shall remain subject to this Order.

### 14.   MISCELLANEOUS

(a)   <u>Right to Further Relief</u>.  Nothing in this Order limits the right of any person to seek modification of this Protective Order by the Court in the future, to seek access to a Producing Party's Protected Material, or to apply to the Court at any time for additional protection.  By stipulating to this Protective Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.  Furthermore, without application to this Court, any Party may enter into a written agreement releasing another Party from one or more requirements of this Protective Order as to Protected Material produced by the releasing Producing Party, even if the conduct subject to the release would otherwise violate the terms herein.

(b) <u>Successors</u>.  This Protective Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, retained consultants and experts, and any persons or organizations over which they have direct control.

(c) <u>Copyrights</u>.  Documents or other things produced in this litigation, regardless of their designation, are subject to any applicable copyrights held by the Producing Party.

(d) <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order,

no Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order. The Parties' agreement to this Protective Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e) <u>Burdens of Proof</u>. Nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(f) <u>Modification by Court</u>. This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order sua sponte in the interests of justice, or upon motion of a Party for good cause shown.

(g) <u>Jurisdiction</u>. Any person receiving any Protected Material produced in this action pursuant to the terms of this Order hereby agrees to be subject to the jurisdiction of this Court solely for the purposes of the implementation and enforcement of this Order. This Court retains and will have continuing jurisdiction over the parties and recipients of Protected Material for enforcement of the provisions of this Order following termination of this litigation.

(h) Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

(i) Production of Protected Material by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

nature of the documents, information or other material or its contents.

(j)  Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

(k)  Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of Protected Material to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of Protected Material.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:


Dated:   April 5, 2013                               FENWICK & WEST LLP


                                                     /s/ Kathleen Lu
                                                     Kathleen Lu

                                                     CHARLENE M. MORROW (CSB No. 136411)
                                                     cmorrow@fenwick.com
                                                     PATRICK E. PREMO (CSB No. 184915)
                                                     ppremo@fenwick.com
                                                     HECTOR J. RIBERA (CSB No. 221511)
                                                     hribera@fenwick.com
                                                     BRIAN LAHTI (CSB No. 278951)
                                                     blahti@fenwick.com
                                                     KATHLEEN LU (CSB No. 267032)
                                                     klu@fenwick.com
                                                     FENWICK & WEST LLP
                                                     Silicon Valley Center
                                                     801 California Street
                                                     Mountain View, CA  94041
                                                     Telephone:     650.988.8500
                                                     Facsimile:     650.938.5200

                                                     Attorneys for Defendant and Counterclaimant
                                                     ZOOSK, INC.

1    Dated:   April 5, 2013                    MOUNT, SPELMAN & FINGERMAN, P.C.

2

3                                             /s/ Kevin M. Pasquinelli
                                              Kevin M. Pasquinelli
4
                                              Daniel S. Mount, Esq. (Cal. Bar No. 77517)
5                                             Kevin M. Pasquinelli, Esq. (Cal. Bar No. 246985)
                                              Mount, Spelman & Fingerman, P.C.
6                                             RiverPark Tower, Suite 1650
                                              333 West San Carlos Street
7                                             San Jose CA  95110-2740
                                              Phone: (408) 279-7000
8                                             Fax:    (408) 998-1473
                                              Email: dmount@mount.com;
9                                             kpasquinelli@mount.com;

10                                            Attorneys for Plaintiff
                                              GEOTAG, INC.
11

12

13   **PURSUANT TO STIPULATION, IT IS SO ORDERED**

14

15   DATED: _____ 4/9/13 _____

16                                            EDWA
                                              United

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

**EXHIBIT A**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GEOTAG, INC., | Case No.: 13-cv-00217-EMC |
| Plaintiff, | |
| v. | **UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER** |
| ZOOSK, INC., | |
| Defendant. | |
| AND RELATED COUNTERCLAIMS. | |

I, _____, declare that:

    1.  My address is _____.

        My current employer is _____.

        My current occupation is _____.

    2.  I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

    3.  I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

4.   Promptly upon termination of these actions, I will return all documents and things

designated as "CONFIDENTIAL," "CONFIDENTIAL -- ATTORNEYS' EYES ONLY,"

or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession,

and all documents and things that I have prepared relating thereto, to the outside counsel

for the party by whom I am employed.

5.   I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW