UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| GEOTAG, INC.,<br><br>             Plaintiff,<br>     v.<br>ZOOSK, INC.,<br><br>             Defendant.<br>_____/ | No. C 13-0217 EMC (MEJ)<br><br>**DISCOVERY ORDER RE: DEFENDANT'S MOTION FOR LEAVE TO SUPPLEMENT INVALIDITY CONTENTIONS**<br><br>**(Docket No. 149)** |

## INTRODUCTION

This litigation involves alleged patent infringement of U.S. Patent No. 5,930,474 (the '474 patent) titled "Internet Organizer for Accessing Geographically and Topically Based Information." Compl. at 1-2, Dkt. No. 1. Plaintiff GeoTag, Inc. accuses Defendant Zoosk, Inc. of infringing the '474 patent by providing various locator services on their commercial websites. *Id.* at 2-3. In general, the technology allows consumers to visit Defendants' websites to obtain a map and listing of nearby locations or services. *Id.* Zoosk now moves for leave to supplement its August 17, 2012 Invalidity Contentions to add five Internet-based search systems that it asserts either anticipate or render obvious the claims of the '474 patent. Dkt. No. 149 ("Jt. Ltr."). Those five internet-based search systems described by the thirty-six references are: (1) the EAAsy Sabre travel reservation system, as well as other early search systems offered by internet service providers, such as (2) Prodigy, (3) America Online ("AOL"), (4) CompuServe, and (5) Delphi (the "Systems"). Jt. Ltr. at 2. For the reasons explained below, the Court GRANTS Zoosk's motion.

## BACKGROUND

On September 13, 2011, GeoTag brought this action against Zoosk in the United States District Court for the Eastern District of Texas alleging infringement of the '474 Patent. Dkt. No. 1.

1  Zoosk is one of over 300 named defendants in similar actions. Jt. Ltr. at 2. These defendants,
2  including Zoosk, subsequently created a Joint Defense Group (collectively, "Defendants") to defend
3  against the allegations asserted by GeoTag. *Id.*

4        On August 17, 2012, Defendants, including Zoosk, collectively served their Invalidity
5  Contentions as required by the Eastern District of Texas' Scheduling and Discovery Order (Dkt. No.
6  46). *Id.* However, in September 2012, an attorney for a co-defendant, while cleaning his garage,
7  found the third edition of an early book describing how to use the AOL system. Du Decl. ¶ 4, Dkt.
8  No. 95-1; Jt. Ltr. at 2. As the third edition of the book, published in 1996, was not prior art, two
9  earlier versions of the book from 1994 and 1995 were ordered. Du Decl. ¶ 4, Dkt. No. 95-1; Jt. Ltr. at
10  2. On October 9, 2012 – after reviewing the earlier versions – excerpts of the references were
11  circulated to the Joint Defense Group, including Zoosk. Jt. Ltr. at 2. This started a new search that
12  resulted in the identification of the 36 references describing the Systems which are the subject of
13  Zoosk's current Motion.

14        On November 12, 2012, Defendants disclosed the Systems to GeoTag and provided GeoTag
15  with a draft of their proposed Supplemental Invalidity Contentions. *Id.* The next day, Defendants
16  provided GeoTag with a copy of each of the additional items of prior art identified in the proposed
17  supplemental disclosures. Du Decl. ¶ 9, Jt. Ltr. at 2. GeoTag opposed Zoosk's request for leave to
18  supplement its Invalidity Contentions and the parties have been unable to resolve their dispute.

19                        **LEGAL STANDARD**

20        The Northern District of California has adopted a comprehensive set of Patent Local Rules
21  governing patent litigation. In general, the Rules exist to further the goal of full and timely discovery
22  and provide all parties with adequate notice and information with which to litigate their cases.
23  *Fresenius Med. Care Holdings, Inc. v. Baxter Intern., Inc.*, 2006 WL 1329997, *4 (N.D. Cal. 2006).
24  The Rules "require both the plaintiff and the defendant in patent cases to provide early notice of their
25  infringement and invalidity contentions, and to proceed with diligence in amending those contentions
26  when new information comes to light in the course of discovery." *O2 Micro Intern. Ltd. v.*
27  *Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1365-66 (Fed. Cir. 2006).
28

Amendment of invalidity contentions "may be made only by order of the Court upon a timely showing of good cause." Pat. L.R. 3-6. For purposes of Rule 3-6, "'good cause' requires a showing of diligence," and "[t]he burden is on the movant to establish diligence rather than on the opposing party to establish a lack of diligence." *O2 Micro*, 467 F.3d at 1366. In determining whether a motion for leave to amend invalidity contentions should be granted, this Court has examined such factors as the relevance of the newly-discovered prior art, whether the request to amend is motivated by gamesmanship, the difficulty of locating the prior art, and whether the opposing party will be prejudiced by the amendment. *See Yodlee, Inc. v. CashEdge, Inc.*, 2007 WL 1454259, at *2-3 (N.D. Cal. May 17, 2007).

"Unlike the liberal policy for amending pleadings, the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the 'shifting sands' approach to claim construction." *LG Elecs. Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002). The Patent Local Rules were "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *O2 Micro*, 467 F.3d at 1366 n. 12 (quoting *Nova Measuring Instrum. Ltd. v. Nanometrics, Inc.*, 417 F. Supp. 2d 1121, 1123 (N.D. Cal. 2006)).

**DISCUSSION**

Zoosk argues that allowing it to supplement its Invalidity Contentions causes no cognizable prejudice to GeoTag. Jt. Ltr. at 3. Zoosk states that it diligently investigated the prior art to support its defenses of invalidity and timely complied with Eastern District of Texas' deadline for initial invalidity contentions. *Id.* Once Zoosk became aware of these Systems, it timely disclosed them to GeoTag, and provided GeoTag with disclosures similar to what is required by this Court's Patent L.R. 3-3 and 3-4 in November 2012, which is almost ten months before the deadline for GeoTag's opening claim construction brief in this litigation. *Id.*; *see* Dkt. No. 133 (setting claim construction deadlines, including deadline for opening brief). Zoosk further argues that there is no date for the close of discovery, for expert reports, or for trial set in this action. Jt. Ltr. at 3.

GeoTag opposes Zoosk's Motion, arguing that Zoosk is seeking to supplement its current 270

3

references with 36 additional references describing five systems, Zoosk failed to show diligence in locating the references, Zoosk failed to show that the references are highly relevant, and GeoTag will be prejudiced by the supplementation. Jt. Ltr. at 2.

Upon review of the parties' arguments, the Court finds that Zoosk has established good cause to permit it to supplement its Invalidity Contentions. A showing of good cause requires "(1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered." *Positive Tech., Inc. v. Sony Elecs., Inc.*, 2013 WL 322556, at *2 (N.D. Cal. Jan. 28, 2013) (citing *Yodlee*, 2007 WL 1454259, at *3). An example of what may "support a finding of good cause" is a "[r]ecent discovery of material prior art despite earlier diligent search." Pat. L.R. 3-6 (b). Here, Zoosk states that it did not become aware of the relevance of the Systems it now seeks to add until after it timely served its initial Invalidity Contentions on GeoTag. Jt. Ltr. at 3. As stated above, as a result of a member of the Joint Defense Group's garage cleaning, Zoosk was first alerted to the new prior art on October 9, 2012. Given that Zoosk was not in physical possession of these references, it is understandable that despite a diligent investigation it was unaware of them. *See Yoodle, Inc.*, 2007 WL 1454259, at *2-3 ("[B]ecause of the nature of internet-based technology, the Court is more sympathetic towards difficulties in identifying prior art than it would be in cases dealing with more traditional technology"). Moreover, given that nearly two years have lapsed since the '474 patent was filed, the Court is swayed by Zoosk's argument that it is difficult to locate prior art for early web-based systems that are long-outdated, such as the ones at issue here. Jt. Ltr. at 3.

Further, once the Joint Defense Group became aware of the AOL book discovery, they ordered two earlier versions of the book from 1994 and 1995, conducted a search that resulted in the identification of the 36 references at issue here, and disclosed the Systems to GeoTag, all within three months from the date they served their Invalidity Contentions. *Id.* at 2. Thus, by both searching for prior art and promptly disclosing newly discovered prior art systems to GeoTag, Zoosk has complied with what is required by this Court's Patent Local Rules. *See O2 Micro*, 467 F.3d at 1365-66 (patent

local rules require early disclosure of invalidity contentions "and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery").

Finally, Zoosk argues that the Systems, as revealed by the disclosed prior art references, are highly relevant to its invalidity defenses because they disclose early geographically and topically based search features available on-line to the public through well-known early Internet service providers. Jt. Ltr. at 4 (citing to Dkt. Nos. 95-4, 95-5, 95-6, 95-7). GeoTag contends that Zoosk has no argument that the additional 36 references describing the five systems are any more relevant than the 270 previous references that it disclosed in its original infringement contentions. Jt. Ltr. at 6. However, the number of relevant prior art references or the sufficiency of Zoosk's contentions are not a basis to deny supplementation with the additional references. Given that there is no trial date set in this litigation, ample time exists for the parties to complete claim construction and narrow issues as necessary – the preliminary invalidity contention stage is not the appropriate time to make these determinations.

## CONCLUSION

For the foregoing reasons, Zoosk's Motion for Leave to Amend its Invalidity Contentions is GRANTED. Zoosk's amended invalidity contentions shall be served within seven (7) days from the date of this Order.

**IT IS SO ORDERED.**

Dated: August 15, 2013

_____
Maria-Elena James
United States Magistrate Judge

5