UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOTAG, INC., | No. C-13-0217 EMC |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO REQUIRE AN UNDERTAKING** |
| v. | |
| ZOOSK, INC., | **(Docket No. 183)** |
| Defendant. | |

## I.   INTRODUCTION

Before the Court is Defendant and Counterclaimant Zoosk Inc.'s ("Zoosk") motion to require an undertaking by GeoTag, Inc. ("GeoTag") under California Civil Code section 1030 as a condition to GeoTag proceeding with this action. The Court finds this matter suitable for disposition without a hearing and thus **VACATES** the hearing on the motion set for February 27, 2014. The Court hereby **DENIES** the motion to require an undertaking.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

GeoTag alleges that it is the owner, by assignment, of United States Patent No. 5,930,474 (the "'474 Patent"), which is entitled "Internet Organizer for Accessing Geographically and Topically Based Information." Complaint ¶ 5 (Dkt. No. 1). As alleged, this patent covers "systems and methods which comprise associating on-line information with geographical areas" such as a website being configured to "provide a geographical search area wherein at least one entry associated with a broader geographical area is dynamically replicated into at least one narrower geographical area." *Id.* ¶ 6. GeoTag alleges that Zoosk, an online dating website, has infringed this patent on the member and/or profile search on the zoosk.com website. *Id.* ¶ 7. GeoTag is currently

involved in numerous patent actions relating to similar infringement claims relating to the '474 patent. For example, GeoTag, Inc. is currently proceeding against over 100 defendants in *GeoTag, Inc. v. Frontier Communications Corp., et al.*, No. 2:10-cv-00265-JRG (E.D. Tex. July 23, 2010).

Zoosk has filed the instant motion, seeking to have this Court order GeoTag to post an undertaking in the amount of $750,000 to cover the costs and fees it expects to incur in this action. Dkt. No. 183, at 5. Zoosk argues that it has shown a "reasonable possibility of success" in defending against GeoTag's action and that GeoTag will likely be insolvent at the time the instant case is resolved – particularly in light of the fact that the defendants in the Eastern District of Texas actions have filed several case-dispositive motions based on non-infringement and invalidity defenses. Defendants have opposed this motion.

### III.   DISCUSSION

The Ninth Circuit has addressed the framework for the relief sought herein:

> There is no specific provision in the Federal Rules of Civil Procedure relating to security for costs. However, the federal district courts have inherent power to require plaintiffs to post security for costs. "Typically federal courts, either by rule or by case-to-case determination, follow the forum state's practice with regard to security for costs, as they did prior to the federal rules; this is especially common when a non-resident party is involved."

*Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994) (quoting 10 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2nd* § 2671). Under California Code of Civil Procedure section 1030, "[w]hen the plaintiff in an action . . . resides out of the state, or is a foreign corporation, the defendant may at any time apply to the court by noticed motion for an order requiring the plaintiff to file an undertaking to secure an award of costs and attorney's fees which may be awarded in the action . . . ." Cal. Code Civ. Pro. § 1030(a). The statute requires the defendant to show that there is a "reasonable possibility that the moving defendant will obtain judgment in the action or special proceeding." *Id.* § 1030(b).

"The purpose of the statute is to enable a California resident sued by an out-of-state resident 'to secure costs in light of the difficulty of enforcing a judgment for costs against a person who is not within the court's jurisdiction.'" *Alshafie v. Lallande*, 171 Cal. App. 4th 421, 428 (2009) (quoting *Yao v. Superior Court*, 104 Cal. App. 4th 327, 331 (2002)). It further serves the purpose of

preventing "out-of-state residents from filing frivolous lawsuits against California residents." *Id.* In determining whether to order the posting of a bond, courts consider "'(I) the degree of probability/improbability of success on the merits, and the background and purpose of the suit; (ii) the reasonable extent of the security to be posted, if any, viewed from the defendant's perspective; and (iii) the reasonable extent of the security to be posted, if any, viewed from the nondomiciliary plaintiff's perspective." *Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 573 (9th Cir. 1994) (citations omitted); *see also Gabriel Technologies Corporation v. Qualcomm Incorporated*, No. 08 CV 1992 MMA (POR), 2010 WL 3718848 (S.D. Cal. Sept. 20, 2010).

A.  GeoTag Will Not Be Required to Post an Undertaking to Cover Zoosk's Attorneys' Fees

The Court must first decide what, precisely, the standard Zoosk must meet. Zoosk argues that they need only show a "reasonable possibility" of success on the merits of the underlying dispute. By contrast, GeoTag argues that Zoosk must show that they have a "reasonable possibility" of prevailing on the issue of obtaining attorneys fees. Dkt. No. 190, at 8. This distinction is critical, because under in patent infringement cases, a prevailing party is entitled to reasonable attorney fees in "exceptional cases." 35 U.S.C. § 285; *see also MMJK, Inc. v. Ultimate Blackjack Tour LLC*, No. C07-3236 BZ, 2007 WL 3342562, at *1 (N.D. Cal. Nov. 7, 2007) ("[I]n patent disputes fees are only awarded in exceptional cases at the court's discretion."). The Federal Circuit has "repeatedly identified as 'exceptional' those cases involving 'inequitable conduct before the [Patent Office]; litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit or willful infringement.'" *Forest Labs., Inc. v. Abbott Labs.*, 339 F.3d 1324, 1329 (Fed. Cir. 2003) (quoting *Brasseler, U.S.A. I., L.P. v. Stryker Sales Corp.*, 267 F.3d 1370, 1380 (Fed. Cir. 2001)).

GeoTag relies on two district court orders in support of its argument that Zoosk must show that it is "reasonably possible" that they would be able to demonstrate that this action is "exceptional" for purposes of 35 U.S.C. § 285. First, in *Gabriel Technologies*, the district court granted in part and denied in part the defendants' motion for a bond under § 1030. While the district court in that case found that the defendants satisfied the § 1030 standard by showing that they had a "reasonable possibility of defeating Plaintiffs' claims," the court went on to recognize that "[a]ttorney fee awards, however, are the exception in patent cases, not the rule." *Gabriel*

3

*Technologies*, 2010 WL 3718848, at *13. Because the court found a "strong likelihood" that the defendants "will ultimately prove [the] case [was] exceptional," the court included the amount of defendants' attorney's fees in the bond. *Id.* at *14. Ultimately, *Gabriel* is of questionable support to GeoTag's position. Not only did the court find that the defendants had met the section 1030 standard by merely showing a reasonable possibility of defeating the plaintiffs' claim, it also recognized that the plaintiffs had cited no case which "require" a defendant to demonstrate "frivolousness as a prerequisite to a cost bond." *Id.* at *5 n.5.

GeoTag's second cited case – *Pittman v. Avish Partnership*, No. CV 10-1390-JST (Opx), 2011 WL 9160942 (C.D. Cal. June 2, 2011) – provides more support to GeoTag's position. In that case, defendants sought to require a plaintiff asserting a claim under the Americans with Disabilities Act to file a security bond pursuant to section 1030. After stating the general standard under section 1030, the court stated:

> The Court has the discretion to award attorney's fees and costs to the prevailing party on Plaintiff's ADA claim. However, "[a]ttorney's fees under § 12205 should be awarded to a prevailing defendant only if the plaintiff's action was frivolous, unreasonable, or without foundation." The Court can award attorney's fees under the Unruh Act to plaintiffs, but not defendants. Thus, to warrant a security bond for costs and attorney's fees in this instance, *Defendant must show that Plaintiff is foreign, and that there is reasonable possibility both that Defendant will obtain judgment and that Plaintiffs claims are frivolous, unreasonable, or without foundation*.

*Id.* at *2 (citations omitted) (emphasis added). The court ultimately ordered the posting of a security bond, finding that defendant showed a "reasonable possibility that Plaintiff's claims are frivolous." *Id.* at *3. The Ninth Circuit affirmed the district court's holding on this point, finding that the "district court properly concluded that it could require a security bond for costs and attorney's fees only if Defendants could show a reasonable possibility that they would prevail on the merits *and that Plaintiff's ADA claim was frivolous*." *Pittman ex rel. L.P. v. Avish Partnership*, 525 F. App'x 591, 593 (9th Cir. 2013) (emphasis added). In support of this assertion, the Ninth Circuit cited its prior opinion in *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182 (9th Cir. 2001), where it held that fees and costs may only be awarded under the ADA only if the claim was frivolous, unreasonable, or without foundation. *Brown*, 246 F.3 at 1190.

4

While unpublished and thus not-binding on this Court, the Ninth Circuit's order in *Pittman* may be used as persuasive authority and "indicate[s] how the Ninth Circuit applies binding authority." *Nogales v. Beard*, No. 11cv2146-BTM(BLM), 2013 WL 6419259, at *9 n.2 (S.D. Cal. Dec. 9, 2013). The Court agrees with the district court's analysis, and concludes that Zoosk must show a "reasonable possibility" that this case is "exceptional," such that if it were to prevail, it would be entitled to attorneys fees.

The Court finds that Zoosk has not met this standard. Zoosk is correct that the "reasonable possibility" standard is relatively low. *See AF Holdings LLC v. Navasca*, No. C12-2396 EMC, 2013 WL 450383, at *1 (N.D. Cal. Feb. 5, 2013); *see also Baltayan v. Estate of Getemyan*, 90 Cal. App. 4th 1427, 1432 (2001) (noting that a defendant is "not required to show that there [is] no possibility that [the plaintiff] could win at trial, but only that it [is] reasonably possible that [the defendant will] win"). However, the "exceptional" case standard under § 285 is not. *See, e.g.*, *Knorr-Bremse Systeme Fuer Nutzfahzeuge GmbH v. Dana Corp.*, 372 F. Supp. 2d 833, 851 (E.D. Va. 2005) ("Congress in choosing to limit district court authority to award attorney's fees to 'exceptional' cases has made clear that this should occur only in rare or extraordinary cases."). Attorney fees are appropriate only where a prevailing party has shown by "clear and convincing evidence that a case is exceptional." *Avocet Sports Tech. Inc. v. Polar Electro Inc.*, No. C12-2234 EDL, 2013 WL 4067823, at *1 (N.D. Cal. Aug. 1, 2013).

Here, Zoosk only points to three facts in support of its argument (raised for the first time in its reply brief): First, that GeoTag is a serial litigant asserting infringement of the '474 patent against approximately 300 defendants, second, that they have asserted a construction that has been rejected by a district judge in the Eastern District of Texas, and third, that GeoTag has licensed the '474 patent to multiple companies. (Dkt. No. 193, at 11-14). However, that GeoTag may be a serial litigant does not mean (or even imply) that its claims are inherently brought in bad faith or without merit. *See, e.g.*, *Digitech Image Techs., LLC v. Newegg, Inc.*, No. 8:12-cv-01688-ODW (MRWx), 2013 WL 5604283, at *5 (C.D. Cal. Oct. 11, 2013) ("The Court is not persuaded by Newegg's rote attempt to shift the burden of paying legal fees by hurling Digitech into the crusade against 'Patent Trolls.' A party seeking protection of constitutionally granted patent rights is not automatically the

5

villain simply because it brings infringement allegations against multiple defendants."). Zoosk's remaining assertions similarly fail to establish even a "reasonable possibility" that this Court would find that GeoTag has engaged in malfeasance.

Accordingly, Zoosk's motion to require an undertaking is **DENIED** to the extent it seeks to require GeoTag to post a bond to cover Zoosk's reasonable attorney's fees. This order is without prejudice to Zoosk bringing a properly supported motion for attorney's fees under § 285 should it ultimately prevail.

B. <u>Zoosk Has Failed to Establish a Reasonable Amount of the Bond to Cover Only Its Costs</u>

Unlike attorney's fees under § 285, an award of costs to a prevailing party does not require a showing that the case is "exceptional" or that the opposing party engaged in bad faith. *See* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."); *see also eBay Inc. v. Kelora Sys., LLC*, No. C10-4947CW (LB), 2013 WL 1402736 (N.D. Cal. Apr. 5, 2013) (awarding costs to the prevailing party in a patent infringement action). Here, the Court finds that the motion papers demonstrate that Zoosk has demonstrated a sufficient "possibility" to satisfy section 1030's relatively low standard.

However, the Court will not grant Zoosk's motion as it has wholly failed to provide any basis for this Court to determine a reasonable bond amount to cover costs. As discussed, courts deciding whether to order a bond should consider the "reasonable extent of the security to be posted" from both the plaintiff's and defendant's perspective. *Simulnet*, 37 F.3d at 576. Zoosk's rough estimation, with absolutely no itemization, is inadequate. By contrast, in *Gabriel Technologies*, the defendant provided the district court with an itemized chart of anticipated costs, which permitted the court to determine the reasonableness of each claimed cost as well as the total amount. *Gabriel Technologies,* 2010 WL 3718848, at *10-13. Similarly, in the *AF Holdings* case, defendant provided this Court with a declaration and exhibits supporting the claimed attorneys fees and costs. *See AF Holdings v. Navasca*, No. C12-3296 EMC, Dkt. Nos. 22, 32-1).

Zoosk argues in its reply brief, however, that the Court should simply look to *Gabriel Technologies* and conclude that approximately 20% of its requested $750,000 bond ($150,000) is

reasonable. The court is not persuaded. In *Gabriel Technologies*, the district court found that $291,580 in anticipated costs was reasonable for purposes of calculating the bond amount – representing just over 20% of the $1,291,580 bond the court ordered. *Id.* at *14. However, the court stated:

> The cost amounts awarded in other factually distinguishable cases are not an appropriate gauge to determine a reasonable bond in the present action. Taxable costs are necessarily unique to the scope, complexity, duration and nature of an action. Here, Plaintiffs have placed at least 92 patents at issue, which involve complex technologies. In addition, the acts complained of span more than a decade, and Plaintiff's seek over a $1 billion in damages from Defendants. As such, the costs associated with this litigation can reasonably be expected to be significant.

*Id.* at 13 n.8. Further, $220,800 of the $291,580 in anticipated costs in that case were the costs to have 92 foreign patents translated into English. *Id.* at *12. For these reasons, the Court finds that *Gabriel Technologies* is not an accurate proxy for determining Zoosk's anticipated costs.

Accordingly, because Zoosk has failed to provide to the Court a reasonable basis on which the Court can determine a reasonable bond amount to cover Zoosk's anticipated costs in this action, the Court **DENIES** Zoosk's motion to require an undertaking.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Zoosk's motion to require an undertaking. This order disposes of Docket No. 183.

IT IS SO ORDERED.

Dated: February 26, 2014

_____
EDWARD M. CHEN
United States District Judge