| | |
|---|---|
| STEPHEN F. MALOUF (*PRO HAC VICE*)<br>maloufs@smalouf.com<br>JEREMY MARTIN (*PRO HAC VICE*)<br>jmartin@smalouf.com<br>JONATHAN NOCKELS (*PRO HAC VICE*)<br>jnockels@smalouf.com<br>MALOUF & NOCKELS LLP<br>3811 Turtle Creek Blvd., Suite 800<br>Dallas, Texas 75219<br>214-969-7373 (Telephone)<br>214-969-7648 (Facsimile)<br><br>JEFFREY A. TINKER (*PRO HAC VICE*)<br>jtinker@winstead.com<br>Winstead PC<br>500 Winstead Building<br>2728 N. Harwood Street<br>Dallas, Texas 75201<br><br>JOSEPH A. GRECO (Cal. Bar No. 104476)<br>jgreco@beckllp.com<br>KIMBERLY P. ZAPATA (Cal. Bar No. 138291)<br>kzapata@beckllp.com<br>Beck, Bismonte & Finley, LLP<br>150 Almaden Boulevard, 10th Floor<br>San Jose, CA 95113<br>Telephone: 408.938.7900<br>Facsimile: 408.938.0790<br><br>Attorneys for Plaintiff and Counterclaim-Defendant GEOTAG, INC. | CHARLENE M. MORROW (CSB No. 136411)<br>cmorrow@fenwick.com<br>HECTOR J. RIBERA (CSB No. 221511)<br>hribera@fenwick.com<br>BRIAN E. LAHTI (CSB No. 278951)<br>blahti@fenwick.com<br>FENWICK & WEST LLP<br>Silicon Valley Center<br>801 California Street<br>Mountain View, CA  94041<br>Telephone:    650.988.8500<br>Facsimile:     650.938.5200<br><br>Attorneys for Defendant and Counterclaimant<br>ZOOSK, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GEOTAG, INC.,<br><br>        Plaintiff,<br>    v.<br><br>ZOOSK, INC.,<br><br>        Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No.: 13-cv-00217-EMC<br><br>**STIPULATION AND [PROPOSED] ORDER TO CONTINUE CASE MANAGEMENT CONFERENCE AND STAY OF CASE**<br><br>Current CMC Date: October 9, 2014<br>Requested CMC Date: TBD |

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

This case presently is scheduled for a Case Management Conference on Thursday, October 9, 2014. The Joint Case Management Conference Statement is due on October 2, 2014. The parties respectfully request that the Court continue the Case Management Conference until sometime after the completion of appellate review of the summary judgment orders entered in related cases *GeoTag, Inc. v. Starbucks Corp., et al.*, Case No. 2:10-cv-572 (E.D. Tex. Nov. 7, 2013) and *Microsoft Corp. and Google v. GeoTag, Inc.*, Case No. 1:11-cv-175 (RGA) (D. Del May 13, 2014).

1. On July 29, 2014, this Court entered the Stipulation and Proposed Order to Continue Case Management Conference and Stay of Case (Docket No. 216), ordering the case management conference continued until October 9, 2014 and the case stayed until then, so that the Court and the parties could know the outcome of GeoTag's case against Google in the District of Delaware (*Microsoft Corporation et al. v. GeoTag, Inc.*, Civil Action No. 11-00175-RGA), which involves the same GeoTag patent as is involved in this case.

2. In April 2014, the District of Delaware issued an order denying Google's motions for summary judgment of laches and invalidity and granting Google's motion for noninfringement, involving the same GeoTag patent involved in this case.  The public version of the Court's Memorandum Opinion is Dkt. No. 477, filed April 22, 2014. Final judgment is likely to be entered soon.  On September 12, 2014, Google told the Delaware court that "Google and GeoTag, Inc. ("GeoTag") are working to finalize a proposed final judgment to submit for Court approval.  Google currently expects to submit a proposed judgment after GeoTag and Microsoft finalize their stipulation to dismiss this action as it relates to Microsoft . . . ." Dkt. No. 512.  On October 1, 2014, the Delaware court granted the stipulation of dismissal as to Microsoft.  Dkt. No. 518.  Moreover, that same day, the Delaware court closed the case and sent the "Report to the Commissioner of Patents and Trademarks" for the '474 patent.  GeoTag plans to appeal the order, as soon as final judgment is entered in the matter.

3. In August 2014, the Magistrate Judge Roy S. Payne for the Eastern District of Texas issued a report and recommendation to Judge Michael H. Schneider granting summary judgment of non-infringement in *GeoTag, Inc. v. Starbucks Corp., et al.*, Case No. 2:10-cv-572

(E.D. Tex. Nov. 7, 2013), involving the same GeoTag patent involved in this case. Judge Schneider has not yet ruled on the recommendation. In the event that Judge Schneider confirms the recommendation, GeoTag will appeal the order.

4. The parties in this case believe that it makes sense for the parties and the Court to know the outcome of the appellate adjudication of the summary judgments orders in the *Google* and *Starbuck* cases before proceeding with this case because the Federal Circuit's rulings will likely be instructive on the issues posed in this action and may even be dispositive of this action. Further, a stay of proceedings until the Federal Circuit rules on GeoTag's forthcoming appeals will promote judicial economy by likely brining finality and certainty to issues regarding claim construction and infringement. Many of the same claim terms that are proposed for construction in this action were construed in the Delaware Action and Starbucks Action. The Federal Circuit's ruling on those constructions will therefore directly impact this action. Additionally, the claims terms that are the basis for those summary judgment orders ("dynamic replication" and "geographical areas") are also a basis for Zoosk's non-infringement defense in this action.

In the alternative, if the Court does not stay this action pending appeal, it could cost both the Court and the parties substantial resources. The parties would likely complete claim construction, fact discovery, expert reports, and dispositive motions before a ruling from the Federal Circuit. These exercises could be for naught depending on the Federal Circuit's ruling. As such, in the context of concurrent patent infringement lawsuits involving the same patents, courts frequently stay all proceedings following an appeal of one of the related cases to the Federal Circuit. *See e.g.*, *Phonometrics, Inc. v. Economy Inns of America*, 349 F.3d 1356, 1360 (Fed. Cir. 2003) (acknowledging that the "district court twice stayed the present actions pending our decisions in *Northern Telecom* and *Choice Hotels*, respectively"); *Smithkline Beecham Corp. v. Apotex Corp.*, 2004 WL 1615307, *7 (E.D. Pa. 2004) (staying consolidated action against non-Apotex defendants pending review of ruling from Apotex case); *Rosenthal Collins Group, LLC v. Trading Tech. Int'l, Inc.*, 2009 WL 3055381 (N.D. Ill. 2009) (staying case because "it makes little sense to proceed further on the merits of the underlying patent infringement dispute" until the Federal Circuit rules on claim construction issues in other actions that "may affect the direction of

this case").

Accordingly, the parties to this action hereby respectfully request that the Court continue the Case Management Conference currently scheduled to take place on October 9, 2014 until sometime after the completion of the appellate review of the summary judgment orders entered in related cases *GeoTag, Inc. v. Starbucks Corp., et al.*, Case No. 2:10-cv-572 (E.D. Tex. Nov. 7, 2013) and *Microsoft Corp. and Google v. GeoTag, Inc.*, Case No. 1:11-cv-175 (RGA) (D. Del May 13, 2014), and to continue the stay of this case until that continued Case Management Conference.

**SO STIPULATED.**

Dated: October 2, 2014

BECK, BISMONTE & FINLEY, LLP

By: */s/* Joseph A. Greco
Joseph A. Greco
Attorneys for Plaintiff and Counterclaim-Defendant
GeoTag, Inc.

FENWICK & WEST LLP

By: */s/* Brian E. Lahti
Brian E. Lahti
Attorneys for Defendant and Counterclaimant
Zoosk, Inc.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.** The Further CMC is reset for 4/30/15 at 10:30 a.m. subject to further continuance. An updated joint CMC statement shall be filed by 4/23/15.

Dated: 10/6/14

_____
The Honorable Edward M. Chen
United States District Judge

*[Stamp: IT IS SO ORDERED AS MODIFIED — Judge Edward M. Chen]*

STIPULATION AND [PROPOSED] ORDER TO CONTINUE CMC AND STAY

CASE NO.: 13-cv-00217-EMC

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

## ATTESTATION PURSUANT TO LOCAL RULE 5-1(i)(3)

Pursuant to Local Rule 5-1(i)(3), regarding signatures, I attest that the concurrence in the filing of this document has been obtained from its signatories.

Dated:  October 2, 2014

By: /s/ Joseph A. Greco
Joseph A. Greco

Attorney for Plaintiff and Counterclaim-Defendant GeoTag, Inc.